FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

JAN 2 6 2006

LUTHER D. THOMAS, Clerk
By: _J Sewell_
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| ROY REX EVANS, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:06-CV-0013-TWT |
| TONEY TOMASON, | : | |
| FAIRMOUNT POULTRY, | : | |
| GORDON COUNTY JAIL, | : | |
| GEORGIA BANK AND TRUST, | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff, Roy Rex Evans, currently confined in the Milan State Prison in Milan, Georgia, seeks leave to file this civil rights action without prepayment of the filing fee, other fees, or security therefor. (Doc. Nos. 1, 2.) For the purpose of dismissal only, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for review pursuant to 28 U.S.C. § 1915A.

### I.    28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b)(1) & (2).  A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., the factual allegations are "clearly baseless," the legal theories are "indisputably meritless," or immunity bars relief.  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted).  A litigant fails to state a claim when "no construction of the factual allegations will support the cause of action."  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal.  See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003), cert. denied, 540 U.S. 1219 (2004).

## II.   Discussion

Plaintiff filed this 42 U.S.C. § 1983 action against Toney Tomason, farm owner and bus driver; Fairmount Poultry and Building Supply ("FP"); Georgia Bank and Trust; and Gordon County Jail.  (Doc. No. 1 at 3.)  Plaintiff clarifies that his current

2

incarceration is based on charges unrelated to matters in the instant complaint. (Id., "Statement of Claim" at 3.)  Plaintiff explains that Tomason (as subcontractor for FP) hired him to build chicken houses and paid him approximately $57,000 for work done in 2004. (Id. at 1.)  Plaintiff complains that he has received a 1099 tax form from FP that incorrectly shows he received $215,000. (Id. at 3.)  Plaintiff further complains that:  (1) Jimmy Rogers, jail manager, told Plaintiff that he would have a detective "check it out" but failed to do so and failed to respond to Plaintiff's request for a police report, and (2) FP has not responded to Plaintiff's request for copies of returned checks.  Plaintiff admits that, with the aid of a Sergeant Chambers, he has notified the Internal Revenue Service of the error. (Id. at 3-4).  For relief, Plaintiff seeks that Tomason and FP pay him the full $215,000 and that each defendant pay him $1,000,000 in punitive damages.  Plaintiff also seeks injunctive relief. (Id., "Relief.")

## A.   Gordon County Jail

A facility such as a Jail generally is not considered a legal entity amenable to suit.  See Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that county jails are not legal entities amenable to suit); see also Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally

3

are not legal entities subject to suit); <u>Shelby v. City of Atlanta</u>, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that a department that is "merely the vehicle through which the [local] government fulfills its policing functions . . . is not an entity subject to suit"). Legal capacity to be sued is determined according to state law, <u>Dean</u>, 951 F.2d at 1214-15, and, based on Georgia law, the undersigned finds no basis for allowing Plaintiff to sue Gordon County Jail.[1]

## B.   Private Defendants

The remaining defendants are private actors, and "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). Three tests exist "for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." <u>Id.</u> Public function requires that the private actor perform a function that is "traditionally the <u>exclusive</u> function . . . of the State." <u>Id.</u> at 1131 (citation omitted). State compulsion requires that the state

---

[1] Plaintiff did not name jail manager Rogers as a defendant and, further, states no constitutional claim against Rogers. Significantly, Plaintiff states that he has been able to notify the IRS of the alleged error. Accordingly, the undersigned finds that Rogers's alleged failure to ensure investigation of the tax matter or to provide the requested police report did not violate Plaintiff's constitutional right to petition the Government for a redress of grievances. <u>See</u> U.S. Const. amend. I.

4

encourage or compel the allegedly unconstitutional action. Id. at 1130-31. Under the nexus/joint action test, the state and private party must be involved in a joint enterprise and "intertwined in a symbiotic relationship" that involves the allegedly unconstitutional conduct. Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1278 (11th Cir. 2003); Harvey, 949 F.2d at 1131.

Because Plaintiff does not allege any "state action" by the private defendants, he fails to state a claim under § 1983. See West, 487 U.S. at 48. The actions by Tomason, FP, and Georgia Bank and Trust do not qualify as traditional state functions. See Harvey, 949 F.2d at 1131 (discussing state function). Further, Plaintiff alleges nothing to show state direction or compulsion or a joint enterprise with the state to deprive him of pay or overcharge him for taxes. See id. at 1130-31 (discussing nexus/joint function and state compulsion). Accordingly, Plaintiff fails to state a § 1983 claim against the private defendants.

AO 72A
(Rev.8/82)

**III.**   **Conclusion**

For the reasons stated above,

**IT IS ORDERED** that the instant action is **DISMISSED** pursuant to 28 U.S.C.
§ 1915A.

**IT IS SO ORDERED** this 26 day of January , 2006.


Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

6